# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BELFOR USA GROUP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0158** |
| **BELLEMEADE PARTNERS, LLC, ET. AL** | **SECTION: "N" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Fix Attorneys' Fees and Tax Costs by Belfor USA Group, Inc. (R. Doc. 16)** filed by the Plaintiff, Belfor USA Group, Inc. ("Belfor") in compliance with the presiding Judge's Default Judgment (R. Doc. 15) awarding fees and costs, including reasonable attorneys' fees, as provided for in the Promissory Notes. The motion was referred by the District Judge. (R. Doc. 15) The Defendants, Bellemeade Partners, LLC, et al. (collectively, "the Defendants") did not oppose the motion. The motion was heard without oral argument on Wednesday, November 18, 2009.

## I. Factual Summary

Belfor alleges that after Hurricane Katrina, it contracted with Bellmeade to rebuild its shopping center, which is located in Jefferson Parish, Louisiana. To pay the outstanding amounts owed to Belfor pursuant to the contract, Bellmeade executed two Promissory Notes in favor of Belfor. (Declaration of Kim Motala.) However, the defendants defaulted on the Promissory Notes to no avail. As a result, the current lawsuit was filed and a default judgment was entered by the District Judge on October 7, 2009. In both Promissory Notes, the defendant agreed to "pay all costs of collecting or

securing or attempting to collect or secure this note or defending any unsuccessful claim asserted against Holder in connection with the note including reasonable attorneys fees up to 25% of the amount demanded." (R. Doc. 7, Tabs A&B to Declaration of Kim Motala.)

The plaintiff alleges that it had three attorneys working the file and who performed the vast majority of the work on file spending $25,369.60 in attorneys fees. Th e plaintiff further alleges that it incurred $590.00 in costs which are associated with the filing of the complaint.

Belfor filed a **Motion To Fix Attorneys' Fees and Tax Costs by Belfor USA Group, Inc.** (**R. Doc. 16**) and attached an affidavit by its lead counsel, Steven F. Griffith, Jr., ("Griffith"). Griffith filed a sealed time report, which details the contemporaneous billing entries for the legal services rendered.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v.*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

*Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III. Analysis

#### A. Calculating a Reasonable Hourly Rate

Belfor's fee application seeks to recover fees for services rendered in connection with a default judgment entered by the District Judge. In his affidavit, Belfor's counsel Griffith certifies that he graduated from Loyola School of Law in May of 2000. (R. Doc. 21-4, ¶ XII, Aff. of Stephen Griffith.) Griffith that his hourly billing rate on this file is $250.00 per hour. (R. Doc.22-2, ¶ XIII.)

Belfor also submitted information in the affidavit of Griffith about the experience of Anne Wittmann who is an attorney working on the matter. Regarding Wittmann, she graduated from Loyola School of Law in 1990 and works in the commercial litigation section of the firm. (R. Doc. 22-2, XVII.) Wittmann's rate for legal services is $210.00. The Affidavit further indicates that she performed 30.8 hours of work on the file regarding the Motion for Summary Judgment.

Additionally, in Griffith's affidavit, Kathlyn Perez is identified as an associate and graduate of Tulane University School of Law. Perez clerked for the Honorable G. Thomas Porteous, Jr., of the Eastern District of Louisiana. (R. Doc. 22-2, ¶ XXI.) According to the Affidavit, Perez's legal rate for services to Belfor is $180.00, and she expended 38.7 hours of work on the Befor file. ( R.Doc. 22-2, ¶XXII.)

Belfor also indicates in its affidavit that it is only seeking attorneys fees for its lead three attorneys. It further declares that it is has exercise billing judgment foregoing roughly $4,000.00 in additional fees.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Ms. Wittmann's rate of $210.00 is reasonable given her 20 years of experience, Mr. Griffith's rate of $250.00 is reasonable given his 10 years of experience, and Kathlyn Perez's rate of $180.00 given her 4 years of experience is reasonable. *See Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

### B. Determining the Reasonable Hours Expended

Belfor indicates that its lawyers spent 108.20 hours in 21 months for the work performed in obtaining the default judgment in the above matter. The Court notes that the plaintiff has exercised billing judgment and excluded $4,000.00 billed by its employees. The Court notes that the defendants also do not oppose the subject motion. After review of the time sheets which accompanied the motion, the undersigned finds that the hours expended are reasonable.

### C. Costs

Belfor contends that it incurred $590.00 in costs in pursuing the recovery of sums due under the promissory agreement. The Court reviewed the costs assigned to the file and noted that they exceed the amount sought by the plaintiff. The Court thereby acknowledges that Belfor has exhibited billing judgment regarding the costs. Consequently, the Court finds that the $590.00 in costs is reasonable.

D.   **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

IV.   **Conclusion**

Accordingly,

**IT IS RECOMMENDED** that Belfor's **Motion to Fix Attorneys' Fees and Tax Costs by Beflor USA Group, Inc**. **(R. Doc. 16)** is hereby **GRANTED**.  The Court finds that a total fee of **$25,959.60** is reasonable in the matter here.  The Court also finds that the costs of **$590.00**  are also reasonable and awarded to the plaintiff.

**IT IS FURTHER RECOMMENDED** that the Defendants shall satisfy this obligation to Belfor USA Group, Inc. no later than **twenty five (25) days** from the issuance of this Order.

New Orleans, Louisiana, this <u>7th</u> day of January 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**